STINE SEED FARM, INC. a/k/a Atlas Seed Company, Midwest Oilseeds, Inc., and Eden Enterprise, Inc., Appellants,

v.

FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.

No. 97–2061.

Supreme Court of Iowa.

March 24, 1999.

Rehearing Denied April 16, 1999.

John F. Lorentzen of Nyemaster, Goode, Voigts, West, Hansell & O'Brien, P.C., Des Moines, for appellants.

Angela A. Swanson of Morain, Burlingame & Pugh, P.L.C., West Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, CARTER, NEUMAN, and CADY, JJ.

HARRIS, Justice.

The question is whether, under either of two liability policies, an insurer was obligated to defend and indemnify in an underlying action. Because we think the trial court correctly found no such obligation, we affirm dismissal of this suit by the insured against the insurer.

The plaintiff insureds, Stine Seed Farm, Inc. a/k/a Atlas Seed Company, Midwest Oil Seeds, Inc., and Eden Enterprise, Inc. (Stine), a commercial dealer in farm seeds, purchased two liability insurance policies from defendant Farm Bureau Mutual Insurance Company. One was a commercial package policy for bodily injury and property damages. The other was a comprehensive catastrophe excess liability for personal injury, property damage, and advertising liability. Both provided coverage on an occurrence basis. Coverage was not extended under either policy to damages caused by failure to perform contracts.

The underlying suit against Stine was brought by Floyd Nielsen, Glenn Nielsen and Dennis Nielsen. It arose from a dispute involving Cordell Seagren. Seagren, who happens to be Floyd Nielsen's son-in-law, was employed by Stine as an agent to negotiate contracts to purchase seed grain. Stine, through Seagren, contracted with the Niel-sens for the production of soybeans, and for the delivery at a set price. The transaction went awry through the duplicity of Seagren. The Nielsens were not paid in accordance with the contract after delivering the soybeans. The shortfall was ascribed to Seagren who was charged with seven criminal counts of fraud and misrepresentation in connection with his seed dealings. He was later sentenced to a prison term. Because of the nonpayment, the Nielsens brought the underlying suit, and Stine requested Farm Bureau to defend and indemnify the Nielsens' claims. Following Farm Bureau's refusal to do so, Stine brought this action against Farm Bureau.

The Nielsens' suit against Stine was in several counts, the first for breach of contract. The other counts, conversion, unjust enrichment, joint venture or partnership, and negligence, each incorporated the allegations of the first—breach of contract—count. Every count was derived from the criminal acts of Seagren and the subsequent refusal by Stine to pay under the contract Seagren had negotiated. The matter is before us on Stine's appeal from a district court ruling granting Farm Bureau's motion for summary judgment upon finding no coverage under either policy.

I. Interpretation of an insurance policy, including resolution of disputed coverage, is a legal matter which we review on error. *Ottumwa Hous. Auth. v. State Farm Fire & Cas. Co.*, 495 N.W.2d 723, 726 (Iowa 1993). It is expedient to first resolve whether there is a duty to defend because that duty is broader than the duty to indemnify. *A.Y. McDonald Indus., Inc. v. Insurance Co. of N.A.*, 475 N.W.2d 607, 627 (Iowa 1991). Hence, if there is no duty to defend, there is no duty to indemnify.

In determining whether there is a duty to defend, we look to the petition and decide whether the *facts* alleged "bring the claim within the liability covered by the policy." *Chipokas v. Travelers Indem. Co.*, 267 N.W.2d 393, 395 (Iowa 1978). When contrasted with the factual allegations, the legal nomenclature chosen by a plaintiff is "relatively unimportant." *Employers Mut. Cas.*

*Co. v. Cedar Rapids Television Co.,* 552 N.W.2d 639, 642 (Iowa 1996) (quoted sources omitted).

██ II. As mentioned, the insurance agreement in both policies specifies coverage only for bodily injury or property damage caused by an "occurrence." An occurrence is defined in both policies as an accident that was not expected or intended from the standpoint of the insured. This definition comports with the legal one. *Weber v. IMT Ins. Co.,* 462 N.W.2d 283, 287 (Iowa 1990) (in order to qualify as an accident, it must be unintended from the standpoint of the insured).

The Nielsens' suit against Stine was in no way derived from an accident. It resulted from Stine's deliberate refusal to submit in a contract dispute. Contract liability was expressly excluded from coverage under either policy so dismissal of count I—coverage for contract liability—was obviously correct.

Dismissal of the other counts was also correct. Under the authorities previously mentioned, Stine's coverage claim is not rescued by reasserting the identical facts as the basis for the second and subsequent counts it labeled as alternative legal theories. The remaining counts, whether labeled "conversion, unjust enrichment, joint venture or partnership, or negligence," were each on their alleged facts, based purely on a deliberate refusal to pay. This is not changed by artful draftsmanship. Because there was no "occurrence," there was no duty to defend. Inasmuch as there was no duty to defend, there was no duty to indemnify. The district court was correct in so holding.

**AFFIRMED.**

All justices concur except NEUMAN, J., who concurs in the result only.