# IN THE COURT OF APPEALS OF IOWA

No. 14-1583
Filed October 28, 2015

**UNITED FIRE AND CASUALTY**
**COMPANY,**
    Plaintiff-Appellee,

**vs.**

**GETHMANN CONTRUCTION**
**COMPANY, INC.,**
    Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Linn County, Sean McPartland,

Judge.


        Defendant appeals the district court decision finding the plaintiff insurance

company had no duty to defend it in an underlying lawsuit.  **AFFIRMED.**


        Kermit B. Anderson of Finley, Alt, Smith, Scharnberg, Craig, Hilmes &

Gaffney, P.C., Des Moines, for appellant.

        Brenda K. Wallrichs of Lederer, Weston & Craig, P.L.C., Cedar Rapids, for

appellee.


        Heard by Danilson, C.J., Potterfield, J., and Sackett, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**SACKETT, Senior Judge.**

Defendant Gethmann Construction Company, Inc. (Gethmann) appeals the district court decision finding United Fire and Casualty Company (United Fire) had no duty to defend it in an underlying lawsuit. Gethmann is another insured on a subcontractor's policy with United Fire and United Fire has a duty to defend where the subcontractor's liability may be imputed to Gethmann. After a previous appeal the only issue remanded to the district court involves Gethmann's negligence, rather than the subcontractor's negligence, and thus, United Fire does not have a duty to defend Gethmann. We affirm the decision of the district court granting summary judgment to United Fire.

## I. Background Facts & Proceedings

Badger State Ethanol, L.L.C., decided to expand its ethanol plant in Monroe, Wisconsin. It hired Gethmann as the general contractor for the project. One of the subcontractors hired by Gethmann was American Piping Group, Inc. (APG). APG agreed to furnish the labor and material to complete "the front end, mill building structural steel fabrication and erection." APG also agreed to obtain an insurance policy that would protect both Gethmann and APG from bodily injury claims arising from project operations and to name Gethmann as an additional insured on the liability coverage. The contract provided:

> [APG] agrees to indemnify and save harmless [Gethmann] and [Badger] from any and all loss or damage . . . occasioned wholly or in part by any negligent act or omission of [APG] or that of anyone directly or indirectly employed by them or performing the work of this Subcontract under the direction of [APG] or anyone for whose acts any of them may be liable in carrying out the provisions of the general contract and of this Subcontract regardless of whether or not it is caused in part by a party indemnified hereunder.

APG obtained a commercial general liability insurance policy from United Fire that included an Ultra Liability Plus Endorsement. Under the provision detailing, "Who is an Insured," the policy provided:

> Any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to your liability which may be imputed to that person or organization directly arising out of your ongoing operations performed for that person or organization. A person's or organization's status as an insured under this endorsement ends when your operations for that insured are completed.

The policy provided United Fire had the duty to defend an insured against a suit seeking damages for bodily injury or property damage, but had no duty to defend against a suit for which the insurance coverage did not apply.

APG entered into an agreement with Trillium Staffing Solutions to provide labor for the ethanol plant project. An employee of Trillium, Jeffrey Wheeler, was assigned to work on the project for APG. On February 4, 2006, Wheeler fell from the second floor of the building while working and sustained severe and permanent injuries.

Wheeler filed suit against APG and Gethmann alleging each company's negligence was the proximate cause of his injuries. United Fire assumed the duty to defend APG and Gethmann under the terms of the insurance policy, with a reservation of rights. United Fire stated the ultra liability plus endorsement's coverage was "limited to liability for APG's negligence that may be imputed to

Badger and/or Gethmann." United Fire specified that it did not provide any coverage for Gethmann's own negligence.

In September 2010, Gethmann filed a motion for summary judgment, claiming that it could not be liable for Wheeler's injuries based on a general rule that a contractor is not responsible for injuries caused by a subcontractor or its employees. The district court considered the peculiar risk exception, the inherent risk exception, the retained control exception, and the affirmative duty (nondelegable duty) exception, and determined none applied. The court entered a decision on November 15, 2010, concluding:

> In sum, the Court concludes as a matter of law Gethmann is not liable for Jeffrey's injuries because Gethmann did not owe a duty for the safety of the employees on the construction site. None of the exceptions to the non-liability rule regarding general contractors apply in this case. Therefore, as a general contractor, Gethmann cannot be held liable for physical harm caused to Jeffrey by the negligence of the subcontractor or its employees.

On August 15, 2012, Wheeler released APG and United Fire "from any and all liability whatsoever including all claims, demands and causes of action of every nature affecting us," including any and all claims made by any health care providers or any insurance subrogation claims, as a result of the incident on February 4, 2006. Due to the release, the court entered an order on August 20, 2012, dismissing APG as a party from the lawsuit.[1]

---

[1] We note there is some confusion about the timeline in this case because some sources have the date of the summary judgment ruling in the underlying lawsuit as November 15, *2012*, thereby putting the release before the summary judgment ruling. This is incorrect. The district court granted summary judgment to Gethmann in the underlying lawsuit on November 15, *2010*. The release of APG occurred afterwards, on August 15, 2012. The court's order of August 20, 2012, dismissing APG from the lawsuit specified that it served as a final dismissal of all matters in the case so that an

Wheeler appealed the district court's decision granting summary judgment to Gethmann, claiming the nondelegable duty and retained control exceptions to the general rule applied. We entered a decision on May 15, 2013, reversing the decision of the district court granting summary judgment to Gethmann and remanding for further proceedings. *Security Nat'l Bank v. Am. Piping Group, Inc.*, No. 12-1466, 2013 WL 2145763 (May 15, 2013). We determined:

> [T]he defendant general contractor assumed a duty under its contract with the construction site owner for the safety of the workers. Once contractually assumed, the duty was nondelegable. We recognize the term nondelegable is somewhat of a misnomer, because the general contractor is free to delegate the duty of performing the task, but cannot avoid the liabilities arising from the delegated duties if breached.

*Id.* at *5 (citations omitted). We concluded, "Under its contract with Badger, Gethmann incurred a nondelegable duty to keep the workplace safe and Wheeler was a third-party beneficiary of that contract." *Id.* at *7. We also stated, "Because we find Gethmann's contractual assumption of a nondelegable duty for workplace safety precludes summary judgment, we need not address the alternative exception for retained control." *Id.*

On June 27, 2013, United Fire notified Gethmann it would no longer defend the company, stating, "We do not at this time believe that Gethmann qualifies as an additional insured under APG's policy with United Fire." It stated that APG's liability was extinguished by the release, and asserted "it would not appear that APG would have any liability to impute to Gethmann." Gethmann continued to demand that United Fire provide a defense.

---

appropriate appeal could be taken. Wheeler then appealed the order of November 15, 2010, granting summary judgment to Gethmann.

United Fire filed a petition for declaratory judgment on November 26, 2013, asking to be relieved of the duty to provide a defense for Gethmann and seeking to recoup the costs of providing a defense to Gethmann after June 27, 2013. United Fire also asked for a determination that Gethmann was not entitled to coverage under the policy.

Both United Fire and Gethmann filed motions for summary judgment. After a hearing the court granted United Fire's motion and denied Gethmann's motion. The court concluded, "Wheeler's claims against Gethmann do not seek to make Gethmann liable for APG's negligence imputed to Gethmann, but rather are based on claims of Gethmann's own negligence and contractual assumption of a duty for ensuring workplace safety." The court also stated, "The claims in the petition in the underlying action, before the release of APG, may have been construed as involving claims of APG's liability potentially being imputed to Gethmann, but these claims against APG, and the potential imputation of those claims on to Gethmann, were dismissed." The court found Wheeler's remaining claims against Gethmann sought to hold Gethmann liable for its own negligence, and therefore, United Fire did not have a duty to defend or indemnify Gethmann in the underlying action. Gethmann now appeals.

## II.    Standard of Review

"We review a district court's summary judgment ruling that interprets an insurance policy for correction of errors at law." *Amish Connection, Inc. v. State Farm Fire & Cas. Co.*, 861 N.W.2d 230, 235 (Iowa 2015). Summary judgment may be granted when the moving party establishes there is no genuine issue of

material fact and it is entitled to judgment as a matter of law. Iowa R. Civ. P. 1.981(3). Summary judgment is appropriate if a conflict concerns only the legal consequences of undisputed facts. *Boelman v. Grinnell Mut. Reins. Co.*, 826 N.W.2d 494, 501 (Iowa 2013). "The construction and interpretation of an insurance policy are questions of law for the court." *Essex Ins. Co. v. Fieldhouse, Inc.*, 506 N.W.2d 772, 775 (Iowa 1993). We review the district court's decision in a light most favorable to the nonmoving party. *Boelman*, 826 N.W.2d at 501.

## III. Duty to Defend

An insurer's duty to defend is broader than the insurer's duty to indemnify. *Godfrey v. State*, 847 N.W.2d 578, 587 (Iowa 2014). "This difference between the duty to defend and the duty to indemnify 'exists because it is impossible to determine the basis, if any, upon which the plaintiff will recover until the action is *completed.*'" *Employers Mut. Cas. Co. v. Cedar Rapids Television Co.*, 552 N.W.2d 639, 642 (Iowa 1996) (citation omitted). "[T]he duty to defend rests solely on whether the petition contains any allegations that arguably or potentially bring the action within the policy coverage." *A.Y. McDonald Indus., Inc. v. Ins. Co. of N. Am.*, 475 N.W.2d 607, 627 (Iowa 1991).

"In determining whether there is a duty to defend, we look to the petition and decide whether the *facts* alleged 'bring the claim within the liability covered by the policy.'" *Stine Seed Farm, Inc. v. Farm Bureau Mut. Ins. Co.*, 591 N.W.2d 17, 18 (Iowa 1999) (citation omitted). We look at the facts at the outset of the case, meaning those facts alleged in the petition. *Employers Mut. Cas. Co.*, 552

N.W.2d at 642. We look at the allegations of fact in the petition, rather than the legal theories raised. *See id.*

The factual allegations in Wheeler's petition state: (1) on February 4, 2006, Wheeler was involved in a construction project; (2) while involved in the construction project, Wheeler fell from a structure at the construction site; and (3) Wheeler sustained injuries as a result of the fall. He alleged APG was responsible for safety on the job site and then listed several grounds in which he believed APG acted negligently.[2] The petition also alleged Gethmann was responsible for safety on the job site. He listed the same grounds of negligence against Gethmann as in his claims against APG.

After an investigation, based on the factual allegations in the petition United Fire agreed to defend Gethmann, albeit with a reservation of rights that its coverage was limited to liability for APG's negligence that may be imputed to Gethmann and it did not provide coverage to Gethmann for its own acts of negligence. United Fire noted APG might possibly be required to assume the tort liability of Badger or Gethmann. Thus, at the time the petition was filed United Fire believed it had a duty to defend Gethmann because the policy arguably or potentially contained claims that could bring the action within the policy's coverage for APG's liability which could be imputed to Gethmann directly arising out of APG's operations performed for Gethmann. *See A.Y. McDonald Indus., Inc.*, 475 N.W.2d at 627. We conclude United Fire had a duty to defend

---

[2] These grounds are: (1) failing to properly train; (2) failing to maintain a safe work environment; (3) failing to supervise; (4) failing to require usage of safety equipment; (5) violating state and federal laws and regulations; and (6) other matters not yet known but which might become known through discovery.

Gethmann because the facts alleged in the petition "bring the claim within the liability covered by the policy." *See Stine Seed Farm, Inc.*, 591 N.W.2d at 18.

We turn to the issue of whether subsequent events terminated United Fire's duty to defend Gethmann. United Fire asserts that because of the release and the previous court of appeals decision the only claims remaining against Gethmann are claims of its own negligence, which are not covered by the policy. United Fire argues there are no longer any allegations that could arguably or potentially bring the action within the policy coverage.

In the underlying lawsuit the district court granted summary judgment to Gethmann, stating "as a general contractor, Gethmann cannot be held liable for physical harm caused to [Wheeler] by the negligence of the subcontractor or its employees." *See Lunde v. Winnebago Indus., Inc.*, 299 N.W.2d 473, 475 (Iowa 1980) ("The general rule is that an employer of an independent contractor is not vicariously liable for injuries arising out of the contractor's negligence. Although various reasons have been suggested as the basis for this rule, the commonly-accepted reasoning is the lack of control by the employer over the details of the contractor's work."); *see also* Restatement (Second) of Torts § 409 (1965) (noting that except where otherwise stated, "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants").

We reversed the grant of summary judgment to Gethmann based upon an exception to the general rule for a nondelegable duty. *See Security Nat'l Bank v.*

*Am. Piping Group, Inc.*, No. 12-1466, 2013 WL 2145763, at *7 (Iowa Ct. App. May 15, 2013). The Iowa Supreme Court has stated:

> Where public interest or some statutory prohibition is not involved, generally contracts exempting parties from *liability for their own negligence* are not against public policy. However, "[o]ne who owes, and is personally bound to perform, an absolute and positive duty to the public or an individual cannot escape the responsibility of seeing that duty performed by delegating it to an independent contractor, and will be liable for injuries resulting from the contractor's negligence in the performance thereof, whether the duty is imposed by law or by contract . . . ."
>
> "In some circumstances duties may devolve upon an employer which he cannot delegate to another, and in such cases the employer is liable for breach or nonperformance of such duties even though he employs an independent contractor to do the work."
>
> "Where one person owes another a contractual duty to act, the law imposes upon the person owing that duty the further duty of acting with due care in the performance of his contract so as not to injure the contractee's person or property. This duty is nondelegable. That is, the performance of the contract may be delegated to another, but this delegation does not relieve the contractor of the duty to act, or of his duty to act with due care."

*Giarratano v. Weitz Co.*, 147 N.W.2d 824, 831-32 (Iowa 1967) (citations omitted) (emphasis added), abrogated on other grounds by *Van Fossen v. MidAmerican Energy Co.*, 777 N.W.2d 689, 694 n. 6 (Iowa 2009); *see also Farris v. Gen. Growth Dev. Corp.*, 354 N.W.2d 251, 254-55 (Iowa Ct. App. 1984) (discussing nondelegable duty). We conclude the exception pertains to a party's own negligence, not to whether a party may be liable for the negligence of another.[3]

---

[3] A concise statement of this exception is found in Iowa Civil Jury Instruction 500.6, Liability Of Person Engaging Services Of Independent Contractor – Nondelegable Duty Imposed by Statute, Ordinance Or Contract:
> Persons who hire an independent contractor and who are under a duty to provide specified safeguards or precautions for the safety of others by [statute] [ordinance] [contract] cannot escape responsibility by delegating it to an independent contractor.
> . . .

This is also the reasoning in our previous opinion, stating, "where a contract imposes responsibility on the general contractor for the safety of the employees of the subcontractor, the general contractor may not escape the responsibility of seeing that duty performed by delegating it to an independent contractor." *Security Nat'l Bank*, 2013 WL 2145763, at *2. We stated, "the defendant general contractor assumed a duty under its contract with the construction site owner for the safety of the workers. Once contractually assumed, the duty was nondelegable." *Id.* at *5. We concluded, "Under its contract with Badger, Gethmann incurred a nondelegable duty to keep the workplace safe and Wheeler was a third-party beneficiary of that contract." *Id.* at *7.

We conclude the case was remanded based on a finding that Gethmann had a contractual duty to provide a safe workplace, which was nondelegable, and the only issue presented is whether Gethmann negligently exercised that duty.[4] Thus, the issue is whether Gethmann was negligent, not whether Gethmann may be liable for APG's negligence. APG's insurance policy with United Fire provided United Fire had the duty to defend an insured against a suit seeking damages for bodily injury or property damage, but had no duty to defend against a suit for

A violation of this duty is negligence.
The instruction cites *Giarratano*, 147 N.W.2d 824, and Restatement (Second) of Torts § 424 (Precautions Required by Statute or Regulation).
[4] As an aside we note that while the issue of the retained control exception was raised in the previous appeal, we expressly did not address that issue. *Security Nat'l Bank*, 2013 WL 2145763, at *7. The district court granted summary judgment to Gethmann on the issue of the retained control exception and that ruling was not reversed on appeal. Thus, the only issue present on remand is that arising from the nondelegable duty exception.

which the insurance coverage did not apply. The policy provided coverage for "[APG's] liability which may be imputed to [Gethmann] directly arising out of [APG's] ongoing operations performed for [Gethmann]." Because the only issue on remand involves Gethmann's negligence, rather than APG's negligence, United Fire does not have a duty to defend Gethmann. In addition, after the release APG does not have any liability that could be imputed to Gethmann.

We affirm the decision of the district court granting summary judgment to United Fire.

**AFFIRMED.**