# United States Court of Appeals
### For the Eighth Circuit

———————————————

No. 17-2418

———————————————

Clarke Company, Limited

*Plaintiff - Appellant*

v.

American Family Mutual Insurance Company

*Defendant - Appellee*

—————————

Appeal from United States District Court
for the Southern District of Iowa - Des Moines

—————————

Submitted: December 11, 2018
Filed: January 28, 2019
[Published]

—————————

Before LOKEN, MELLOY, and ERICKSON, Circuit Judges.

—————————

PER CURIAM.

Clarke Company, Limited ("Clarke") commenced this lawsuit against its insurer, American Family Mutual Insurance Company ("American Family"), alleging American Family wrongfully denied coverage for defense and indemnity of a lawsuit

brought against Clarke in state court. The district court[1] granted summary judgment in favor of American Family. The claims as pled in the underlying state court action did not give rise to a duty to defend. It follows that no duty to indemnify can exist. We affirm.

## I.    Background

The parties submitted a stipulated record to the district court. From approximately 1996 to 2006, Clarke was the developer and general contractor for condominium units known as the Druid Hill Townhome Condominiums located in Des Moines, Iowa. From 1997 until September 1, 2006, American Family insured Clarke through a "Businessowners Policy." Between October 2006 and October 7, 2010, Acuity Insurance Company ("Acuity") insured Clarke.

While the condominium development was underway, Clarke formed the Druid Hill Townhome Condominium Association ("HOA"). The HOA was responsible for the exteriors and structures of the buildings Clarke developed. The individual unit owners owned portions of the HOA and controlled the interior space in their respective units. Clarke first received complaints of water intrusion from unit owners in the summer of 2008. Minor repairs, such as caulking, were undertaken. These repairs did not stop the water intrusion complaints.

Additional and more major repairs began in the spring of 2010. Repairs were made to the roofs, Exterior Insulation Flashing System, decks and columns, drainage tile, and around the windows. In June 2010, the HOA commenced an action in Iowa state court against Clarke for damages resulting from defective construction. The HOA alleged Clarke's defective construction was latent until the 2009–2010 winter

---

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

when defects allowed ice dams to develop and water to infiltrate the units. Specifically, the petition alleged:

> 15. Between 1999 and 2007, Clarke constructed and sold a number of Units at the Druid Hill Development.
> 
> &#42; &#42; &#42;
> 
> 17. During the Winter of 2009–2010, ice dams developed and formed on the Units. Due to Clarke Company's defective construction, this allowed large amounts of water to enter, infiltrate and accumulate in the Units.
> 
> 18. The water that infiltrated the Units caused damage to the Units and also caused mold to grow inside the walls of a number of Units.
> 
> 19. Clarke Company's defective construction was hidden and was not something that could be previously discovered by the Unit Owners.
> 
> 20. Subsequent inspections in 2010 have shown that the damage sustained was caused by Clarke Company's defective construction, including, but not limited to, Clarke Company's defective construction of the roofs, the flashing, the Exterior Insulation Finishing System ("EFIS"), and in numerous other areas.

Clarke gave American Family notice of the lawsuit and requested a defense and indemnification. Clarke provided the petition and its answer; 50 photographs depicting ice damming, snow build-up on the roof, frost and ice in the attic and roof deck, and water damage to the units; and other emails and correspondence to American Family. Consistent with the allegations in the petition, a May 2010 expert report concluded the moisture problems were related to improper positioning of the EFIS, defective sheathing, and lack of kick-out flashing. Emails from the HOA's

-3-

attorney indicated problems with drainage tile around the units, the culture stone, and lack of kick-out flashing.

On December 1, 2010, American Family denied coverage for several reasons, including its determination that the property damage occurring in the 2009–2010 winter fell outside the policy period. For a period of time, Acuity provided a defense for Clarke under a reservation of rights. Clarke settled the lawsuit in August 2011. As part of the settlement, Clarke contributed $525,000 to a trust account, which was later disbursed to the HOA. Acuity paid $225,000 to partially fund the settlement. Clarke paid attorneys fees and costs in the amount of $113,167.69.

On July 21, 2015, Clarke commenced this action against American Family for breach of contract for failure to defend and indemnify it against the HOA claims. In 2016, the HOA retained a construction expert to help identify areas of excessive moisture around the windows and siding and, if possible, the cause of the moisture problems. The expert prepared a report in July 2016. The expert opined the original construction resulted in property damage. The expert further opined that "[t]he resulting property damage was likely severe and widespread by Summer 2006, even if it was not observed by the unit owners or the management company." American Family stipulated that it was aware of no evidence to contradict the conclusions in the expert's report.

## II.    Discussion

Whether the claims against Clarke are covered under American Family's policy requires us to review *de novo* the district court's interpretation of the insurance contract, as well as its decision to grant summary judgment. Great W. Cas. Co. v. Nat'l Cas. Co., 807 F.3d 952, 956 (8th Cir. 2015). Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Under Iowa law, which governs this case, an insurer's "duty to defend arises 'whenever there is potential or possible liability to indemnify the insured based on the *facts* appearing at the outset of the case.'" Employers Mut. Cas. Co. v. Cedar Rapids Television Co., 552 N.W.2d 639, 641 (Iowa 1996) (quoting A.Y. McDonald Indus., Inc. v. Ins. Co. of N. Am., 475 N.W.2d 607, 627 (Iowa 1991)) (emphasis in original). Stated another way by the Iowa Supreme Court, "*the duty to defend* rests *solely* on whether the petition contains any allegations that *arguably* or *potentially* bring the action within the policy coverage." Id. (emphasis in original). Although courts are to look first and primarily at the petition, the scope of inquiry may be expanded when necessary to "any other admissible and relevant facts in the record." First Newton Nat'l Bank v. General Cas. Co., 426 N.W.2d 618, 623 (Iowa 1988).

Additionally, as pointed out by Clarke, under Iowa law, "[i]f any claim alleged against the insured can rationally be said to fall within such coverage, the insurer must defend the entire action." A.Y. McDonald Indus., Inc., 475 N.W.2d at 627. Any doubt must be resolved in favor of the insured. Id.

The relevant insurance policy provisions contain standard language typically found in occurrence policies:

> **SECTION II – LIABILITY**
> **A. Coverages**
>     **1.    Business Liability**
>         **a.**    We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . 'property damage' . . . to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for . . . 'property damage' . . . to which this insurance does not apply. . . .

**b.** This insurance applies:

    **(1)** To . . . 'property damage' only if:

        **(a)** The . . . 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory';

        **(b)** The . . . 'property damage' occurs during the policy period; and

        **(c)** Prior to the policy period, no insured . . . and no 'employee' authorized by you to give or receive notice of an 'occurrence' or claim, knew that the . . . 'property damage' had occurred, in whole or in part. . . .

The record plainly demonstrates the HOA sustained property damage for water infiltration caused by a number of construction defects that were discovered over several years. The dispute is whether the property damage for which Clarke was held responsible can be found to have occurred during the policy period.

Despite awareness of the variety of construction defects, the petition in the underlying state action unambiguously pled claims for damages caused by ice dams during the 2009–2010 winter. These claims cannot be said to rationally involve property damage that occurred before the policy period expired on September 1, 2006. On this record, it is apparent Clarke's defective construction was widespread, involved several different problems, was latent for several years, and at least some of the defects pre-existed the 2009–2010 winter. However, a claim for damages that occurred before the American Family policy expired was never pled against Clarke and there was no request to amend the pleading at any time to include such a claim. Under these circumstances, American Family had no duty to defend Clarke in the action brought by the HOA in state court.

In light of our conclusion that American Family had no duty to defend, there can be no duty to indemnify. <u>Stine Seed Farm, Inc. v. Farm Bureau Mut. Ins. Co.</u>, 591 N.W.2d 17, 18 (Iowa 1999) ("[I]f there is no duty to defend, there is no duty to indemnify" because the duty to defend is broader than the duty to indemnify.).

## III.    Conclusion

For the foregoing reasons, we affirm the judgment of the district court.

_____